UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASCION, LLC,

    Plaintiff,

v.

Case No. 15-12067
HON. DENISE PAGE HOOD

TEMPUR SEALY INTERNATIONAL,
INC. and TEMPUR-PEDIC
MANAGEMENT, LLC,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO LIMIT
CLAIM TERMS [#47] and MOTION TO EXCLUDE [#55]**

**I.    INTRODUCTION**

Plaintiff filed a Motion to Limit Claim Terms for Construction on May 26, 2017 ("Motion to Limit Claim Terms"). (Doc. No. 47) The Motion to Limit Claim terms is fully briefed. On June 20, 2017, Plaintiff filed a Motion to Exclude Defendants' Purported "Technology Tutorial" ("Motion to Exclude"). (Doc. No. 55) Defendants filed a response to the Motion to Exclude on July 5, 2017. A hearing on both Motions was held on July 7, 2017. For the reasons that follow, the Court denies the Motion to Limit Claim Terms and denies the Motion to Exclude.

1

## II. BACKGROUND

For purposes of this Order, it is relevant that Plaintiff filed a Complaint alleging that Defendants infringed seven of Plaintiff's patents and asserted 31 claims across those seven patents. The parties had the option of submitting to the Court a "technology tutorial." Plaintiff did not submit a technology tutorial because it believes that the patented technology (adjustable beds) is relatively simple to understand. Defendants submitted a 30-minute technology tutorial DVD on May 19, 2017. The parties' opening claim construction briefs were due on June 2, 2017. Each party filed its opening claim construction brief on June 2, 2017, each of which was limited to 25 pages, pursuant to the Local Rule 7.1(d)(3) and the Court's Order dated October 26, 2016. (Doc. No. 35) Plaintiff's brief addressed the four claim terms it wanted to the Court to decide. Defendants' brief addressed the four claim terms identified by Plaintiff (which Defendants also sought to have determined) and an additional 17 claim terms for construction.

## III. ANALYSIS

### A. Motion to Limit Claim Terms

Both parties excessively and redundantly briefed the Motion to Limit Claim Terms.

Plaintiff maintains that Defendants' proposed 17 claim terms for construction

are unreasonable. Plaintiff cites the fact that Defendants originally proposed 174 terms, then reduced that list to 139 terms, despite Defendant having previously argued to the Court that 168 terms for construction would be unreasonable. Plaintiff also represents that Defendants indicated that they would limit the number of claim terms for construction to "approximately 10 terms." Plaintiff contends that Defendant's ultimate determination to have 21 claim terms constructed means that it is not possible for the parties to adequately brief the terms in 25 pages and would be overly burdensome for the Court.

Plaintiff argues that courts have, and have exercised, an inherent power to manage their caseloads by limiting the number of claim terms to be construed or briefed for construction. *See, e.g., Eon CorpIP Holdings LLC v. Aruba Networks Inc.*, 62 F. Supp. 3d 942, 953 (N.D. Cal. 2014) ("as a matter of case management and pretrial procedure, it is well established that district courts have the authority only to construe those terms they deem likely to lead to a dispositive outcome"); *Norgren Automation Sols., LLC v. PHD, Inc.*, No. 14-cv-13400, 2015 WL 5693038, at *1 (E.D. Mich. Sept. 28, 2015) (magistrate judge instructed each party not to submit more than five claim terms); *Zamperla, Inc. v. I.E. Park SRL*, No. 6:13-CV-1807-ORL-37, 2014 WL 6473728, at *2 (M.D. Fla. Nov. 18, 2014) (limiting parties' joint claim construction statement to five terms); *IP Cleaning S.p.A v. Annovi Reverberi, S.p.A*,

No. 08-CV-147-BBC, 2006 WL 5925609, at *1 (W.D. Wis. Oct. 27, 2006) (ordering that no more than sixteen terms will be construed regardless of number of patents or claims at issue); *SFA Systems, LLC v. Drugstore.com, Inc*., Civ. No. 6:11-635 LED (E.D. Tex. Mar. 14, 2013) (ordering parties to reduce 17 identified terms to a "reasonable number"); *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-655 (ED. Tex. May 7, 2013) (ordering parties to reduce forty-five identified terms to a "reasonable number"). Finally, Plaintiff suggests a multi-day claim construction hearing will be necessary to adequately address 21 terms.

Defendants argue that the Motion to Limit Claim Terms is moot because both parties filed their opening claim construction briefs on June 2, 2017 and their responses on June 23, 2017, with reply briefs due on July 10, 2017 (four days after the hearing date). Defendants state that they briefed all 21 claim terms in the 25 pages permitted, and Plaintiff filed a 24-page brief. Defendants acknowledge, but give no credence to, the fact that Plaintiff only argued its four claim terms in its 24-page brief. But, Defendants contend, the Court addressed the issue of limiting claim terms in its October 26, 2016 Order, concluding that "[a] parties' brief is limited by the Local Rules of the Eastern District of Michigan, specifically Rule 7.1(d)(3). The Court is not persuaded that it should impose any other limitations on the parties with respect to briefing." (Doc. No. 35, PgID 821)

4

Defendants contend that Plaintiff's motive is delay. Defendants state that Plaintiff had Defendants' final list of terms and constructions since May 5, 2017, but did not file a (now-withdrawn) emergency motion to stay filing its opening claim construction brief until the Motion to Limit Claim Terms was heard until three weeks later, only a week before the opening claim construction brief was due. Defendants state that Plaintiff also sought an extension of time to file a technology tutorial but then did not file one at all.

Defendant counters, and the Court agrees, that 17 claim terms for construction is reasonable in light of the fact that Plaintiff has asserted seven patents and 31 claims across those patents. Defendants note that, with respect to claim construction briefs, Plaintiff had proposed that the parties could assert "three terms per asserted patent," which meant would have meant 19 (or 21?) terms for construction. (Doc. No. 24, PgID 682 ("Absent leave of court, preliminary claim construction briefs shall be limited to three terms per asserted patent."); Doc. No. 34, PgID 811) Defendants accurately observe that Plaintiff has not explained why its position regarding the appropriate number of claim terms for construction is considerably less now than it was before.

Defendants persuasively address Plaintiff's contention that courts can limit the number of claim terms for construction. As Defendants argue, the cases relied upon

5

by Plaintiff overwhelmingly considered actions involving one or two patents, not an action involving seven patents. *See EON Corp. IP Holdings LLC v. Aruba Networks Inc.*, 62 F. Supp. 3d 942, 953 (N.D. Cal. 2014) (one patent); *Norgren Automation Sols., LLC v. PHD, Inc.*, No. 14-cv-13400, 2015 WL 5693038, at *1 (E.D. Mich. Sept. 28, 2015) (two patents); *IP Cleaning S.p.A v. Annovi Reverberi, S.p.A*, No. 08-cv-147-bbc-slc, 2006 WL 5925609, at *1 (W.D. Wis. Oct. 27, 2006) (one patent); *SFA Sys., LLC v. Drugstore.com, Inc.*, No. 6:11-cv-635, Slip Op. Dkt. 61 at 1 (E.D. Tex. Mar. 14, 2013) (two patents); *Bose Corp. v. SDI Techs., Inc.*, 828 F. Supp. 2d 415, 418 (D. Mass. 2011) (one patent).

In *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, Slip Op. (Dkt. 82, at *1) (E.D. Tex. May 7, 2013), another case cited by Plaintiff, there were nine asserted patents. The *PersonalWeb* court ordered the parties to reduce 45 claim terms for construction to a "reasonable number" and ultimately construed 17 terms. In *Zamperla, Inc. v. I.E. Park SRL*, No. 6:13-cv-1807, 2014 WL 6473728, at *2 (M.D. Fla. Nov. 18, 2014), another case cited by Plaintiff, the court limited parties to five terms was to sanction both parties for their litigation misconduct, specifically because "both parties' diligence and professionalism have fallen short of the Court's expectations." *Id.* And, as Defendants state, there are numerous cases where courts, including this one, have construed more than 10 claim terms when circumstances

6

dictate doing so. *McGill Tech. Ltd. v. Swan's Sales Enters, Inc.*, No. 03-71395, 2012 WL 1079548, at *16 (E.D. Mich. Mar. 30, 2012) (Hood) (construed 16 terms in a case where plaintiff asserted 26 claims across three patents).[1]

Defendants maintain, but the Court need not address the claim, that Defendants are not asserting claim terms to burden Plaintiff or the Court; rather, Defendants suggest that each of their proposed terms is dispositive to non-infringement or invalidity. Defendants argue that they propose construction of a group of terms related to the type of data stored to recall a bed position: "increment value" from the '116 and '934 Patents; "value representative of an acceptable value" of the '457 Patent; and "an actuator position" for the '328 Patent.

Plaintiff argues that Defendants' proposed claim terms are not dispositive and that construing non-dispositive terms "would constitute an impermissible advisory

---

[1] Citing *Cascades Streaming Techs., LLC v. Big Ten Network, LLC*, No. 13 C 1455, 2016 WL 2344578, at *29 (N.D. Ill. May 4, 2016) (construing 14 claim terms for 15 asserted claims from a single asserted patent); *Everlight Elecs. Co., Ltd. v. Nichia Corp.*, No. 4:12-cv-11758, Slip Op. Dkt. 129 at PgID 7094-95 (E.D. Mich. Aug. 21, 2013) (Drain, J.) (construing 17 terms for three asserted patents)); (*i4i Ltd. P'ship v. Microsoft Corp.*, No. 6:07-cv-113, Slip Op. Dkt. 111 at PgID 1541-42 (E.D. Tex. Apr. 10, 2008) (construing 19 terms for 15 asserted claims from a single asserted patent)); *Proprietect L.P. v. Johnson Controls, Inc.*, No. 12-12953, 2013 WL 6795238, at *15 (E.D. Mich. Dec. 23, 2013) (Cook, J.) (construing 12 terms from two asserted patents); (*Robert Bosch LLC v. Snap-Op, Inc.*, No. 2:12-cv-11503, Slip Op. Dkt. 123 at PgID 6956-58 (E.D. Mich. Aug. 9 2013) (Cleland, J.) (construing 11 terms from six asserted claims from a single asserted patent)); *Virnetx Inc. v. Apple, Inc.*, No. 6:12-cv-855, Slip Op. Dkt. 180 (E.D. Tex. Aug. 8, 2014) (construing 17 terms for six asserted patents)); *Velocity Patent LLC v. Mercedes-Benz USA, LLC*, No. 13-CV-8413, 2016 WL 5234110, at *13-15 (N.D. Ill. Sept. 21, 2016) (construing 19 terms from 24 asserted claims of a single asserted patent).

opinion, because the court would construe terms to a greater extent than necessary to resolve the patent controversy." *Maytag Corp. v. Electrolux Home Prod., Inc.*, 411 F.Supp.2d 1008, 1035-36 (N.D. Iowa 2006). Plaintiff suggests that the limited coverage Defendants afford many of their claim terms in their opening claim construction brief (*e.g.*, indefiniteness arguments involving 8 claim terms in 4 pages) demonstrate that Defendants' challenges lack merit and demonstrate gamesmanship.

### B. Motion to Exclude

On June 20, 2017, a month after Defendants submitted their technology tutorial, Plaintiff argues that their technology tutorial should be excluded because: (1) it is not a technology tutorial and does not provide anything that will assist the Court in understanding the technology at issue, (2) it is (all) attorney argument, (3) it is intended to evade the Court's page limits on claim construction briefs, (4) it contains misstatements and mischaracterizations of the patents asserted and their prosecution history, and (5) it tries to tutor the Court on the law.

Plaintiffs' Motion to Exclude is denied as moot. Defendants' technology tutorial was not filed on the docket, so there is no basis for striking it. *See, e.g., Tristrata, Inc. v. Microsoft Corp.*, No. 3:11-cv-3797, Slip Op. [Dkt. No. 130] at 21 (N.D. Cal. Oct. 16, 2013)

Although Defendants' technology tutorial is not stricken, there are numerous

reasons for the Court to refrain from considering all or parts of Defendants' technology tutorial. First, the Court and the filings in this Court regarding a technology tutorial contemplated a single technology tutorial. Defendants' repeated suggestion that Plaintiff could have filed its own technology tutorial reflects that the parties did not intend to comply with the single technology tutorial. Although the *Patent Management Judicial Guide* reflects that "[n]eutral tutorials have historically been difficult to procure . . . More often, the parties will insist on presenting separate tutorials," the parties did not do so in this case.

Second, in response to the Court's query regarding whether a technology tutorial would be beneficial in this case, the parties jointly confirmed that such a tutorial would be beneficial and stated that they "agreed to meet and confer to determine <u>what form such a tutorial should take</u> and <u>submit a proposal (or proposals) to the Court well in advance of the claim construction hearing.</u>" Dkt. No. 30, PgID 738 (emphasis added). The Court never received a proposal regarding "what form" the tutorial should take.

Third, as other judges have ordered, the purpose of a technology tutorial is to allow "the attorneys for each side [to] explain the technology at issue in the litigation, but they shall not pre-argue their claim construction positions to the Court[.]" Defendants' response reveals that they addressed legal principles and issues ("Reverie

fails to outline the harm in mentioning legal principles when they are all discussed in detail in [Defendants'] Opening Claim Construction Brief . . . Reverie fails to identify any single legal issue that is not covered in [Defendants'] Brief" and ""Reverie fails to identify a single claim construction issue raised in [Defendants'] tutorial that is not addressed in [Defendants'] Brief." (Doc. No. 60, PgID 2670-71)   Fourth, the technology tutorial is not evidence; it is only for the Court's benefit so that it can understand the technology.  As the Court's function is to distinguish argument from evidence, the Court can view the information and decide what information should be disregarded, including impermissible attorney argument (if any), legal arguments, or claim construction positions (which will be appropriately before the Court in the claim construction briefs and at the hearing).

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion to Limit Claim Terms (Doc. No. 47) and **DENIES** the Motion to Exclude. (Doc. No. 55)

IT IS ORDERED.

S/Denise Page Hood<br>
Denise Page Hood<br>
Chief Judge, United States District Court

Dated: October 13, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of

10

record on October 13, 2017, by electronic and/or ordinary mail.

                                          S/LaShawn R. Saulsberry
                                          Case Manager